IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNER & BLOCK LLP,<br><br>    *Plaintiff*,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et* al.,<br><br>    *Defendants*. | Civil Action No. 1:25-cv-916-JDB |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

In response to Plaintiff's submission of a proposed order (ECF No. 132) superseding Plaintiff's previous proposed order (ECF No. 19-31), Defendants respectfully move that, for the reasons set forth herein, the Court should deny Plaintiff's motion.

Plaintiffs originally named the "United States" as a defendant. Pl. Compl. (ECF No. 1) ¶ 79. Plaintiffs now seek leave to amend its proposed order (ECF No. 19-31) by expanding the injunction to cover 590 entities and individuals (ECF No. 132-1). The Court should deny Plaintiff's motion for three reasons.

First, as explained in Defendants' Motion to Dismiss, naming the United States is insufficient and improper. Defs' MTD (ECF No. 20-1) at 32-35. Suits alleging unconstitutional action by the Government must be brought "against officials," not against the "agenc[y]" or the "State[]" writ large, "which retain their immunity against all suits in federal court." *Puerto Rico Aqueduct & Swer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320 326-27 (2015).

Second, even if Plaintiff amends its complaint and names new defendants, there must be sufficient allegations establishing a causal nexus between the new defendants and any injury suffered by the Plaintiff. That is, Plaintiff still must establish Article III standing as to the proposed additional plaintiffs. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). That limitation finds expression in the doctrine of standing, which requires that a plaintiff invoking federal jurisdiction "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). Pertinent to the issue before the Court is the principle

that standing "is not dispensed in gross" and "a plaintiff must demonstrate standing for each claim he seeks to press against *each* defendant." *Garcia v. Stewart*, 531 F. Supp. 3d 194, 205 (D.D.C. 2021) (emphasis added). Accordingly, it is insufficient to simply name new agencies and individuals. Plaintiff must also allege how the challenged conduct is traceable to each proposed new defendant. The current complaint and Plaintiff's latest motion do not allege a traceable nexus between the injuries Plaintiff claims and the new defendants that Plaintiff proposes to add. This is insufficient to establish Article III standing over the new defendants.

Finally, as Plaintiff concedes, there is nothing preventing Plaintiff from amending its complaint and including allegations sufficient to establish standing—which is necessary in order for this Court to exercise jurisdiction over Plaintiff's claim and grant the requested relief. *See* Pl. Notice of Filing to Amend Proposed Order (ECF No. 132) at 2 ("Jenner does not believe there is any need to amend the complaint in order to obtain the broad relief it seeks, but stands ready to do so should the Court so direct.").

Accordingly, this Court should deny Plaintiff's motion for leave to amend its proposed order.

2

Dated: May 15, 2025
       Washington, D.C.

Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General


/s/ Richard Lawson
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*