## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JENNER & BLOCK LLP,

*Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE, *et* al.,

*Defendants*.

Civil Action No. 1:25-cv-916-JDB

## DEFENDANTS' MOTION TO CLARIFY AND STATUS REPORT

Defendants move to clarify this Court's Order (ECF No. 139, "Order") addressing Plaintiff Jenner & Block LLP's Motion for Summary Judgment and denying Defendants' Motion to Dismiss. Specifically, Defendants seek clarification regarding the scope of the Court's declaratory and injunctive relief as applied to Executive Order 14246, *Addressing Risks from Jenner & Block*, 90 Fed. Reg. 13997 (March 25, 2025) ("E.O."), to confirm the scope of the Court's Order as applied to Sections 1 and 4 of the E.O.

In compliance with the Order's requirement of a status update by May 29, 2025, the Defendants submit that, despite good faith efforts by counsel for the Parties to this action, agreement could not be reached on the scope of the Order's impact on Section 1 of the E.O. As set out below, the notice requirement of Section (9)(a) of the Order addresses Section 1 of E.O. in a manner that is in tension with Section (1) of the Order which only enjoins Sections 2-5 of the E.O. Accordingly, Defendants respectfully submit that clarification as to Section 1 of the E.O. is needed prior to the distribution of the notice required by Section (9) of the Order.

*Section 1 of the E.O.*

As noted in Section IV (ii) of the Court's Opinion (ECF No. 138, "Opinion"), "Section 1 does not direct any action." Opinion, p. 49. Working on the basis that, once the Court's Order and Opinion issue, "the executive order will no longer stand," the Court held that the operative portions of the E.O., Sections 2-5, will not longer rely on or reference Section 1. *Id.* Accordingly, the Court concluded that any injunction against Section 1 "would require the Court to enjoin all uses of Section 1 'in the abstract,' 'apart from any concrete application that threatens imminent harm to [Jenner's] interests.' *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009)." In harmony with the Opinion's conclusion that an injunction against Section 1 of the E.O. would be inappropriate the Court's Order, in Section (1), states that "the defendants are permanently **ENJOINED** from implementing or enforcing Sections 2-5 of Executive Order 14246 in any way." ECF No. 139, p. 1.

However, Section (9)(a) of the Court's Order—addressing the notice to be provided by the Department of Justice and Office of Management and Budget—states that entities that were subject to the E.O. must "rescind any implementation or enforcement of Executive Order 14246, including any use, consideration, or reliance on the statements in Section 1 of Executive Order 14246."

Defendants respectfully move this Court to clarify that Section IV (ii) of the Opinion and Section (1) of the Order (which exclude Section 1 of the E.O. from the scope of the Court's Order) control. Furthermore, Defendants respectfully move this Court to clarify that the notice required by Section (9)(a) should be limited to advising the entities subject to the Court's Order that they are to rescind any implementation or enforcement of Sections 2-5 of Executive Order 14246.

*Section 4 of the E.O.*

Section (1) of the Court's Order enjoins the Defendants from "implementing or enforcing Sections 2–5 of Executive Order 14246 in any way." ECF No. 139, Section (1) at 1. However, Section (8) of the Order contains a more focused injunction addressing Plaintiff's as-applied challenge to Section 4 of the E.O., and contains specific direction to the EEOC and Department of Justice to cease any activity directed to Plaintiffs as a result of Section 4 of the E.O. ECF No. 139, Section (8) at 3-4.

Section 4 of the E.O. states that:

> **Sec. 4**. *Racial Discrimination*. Nothing in this order shall be construed to limit the action authorized by section 4 of Executive Order 14230 of March 6, 2025 (Addressing Risks from Perkins Coie LLP).

Section 4 of the Executive Order 14230 (regarding Perkins Coie) states that:

> Sec. 4. Racial Discrimination. (a) The Chair of the Equal Employment Opportunity Commission shall review the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964, including whether large law firms: reserve certain positions, such as summer associate spots, for individuals of preferred races; promote individuals on a discriminatory basis; permit client access on a discriminatory basis; or provide access to events, trainings, or travel on a discriminatory basis.

While the Perkins Coie executive order referenced a review of practices at "industry leading law firms," Plaintiff's claims against Section 4 of the E.O. were exclusively brought on an as applied basis. *See, e.g.*, *Memorandum of Law in Support of Plaintiff Jenner & Block LLP's Motion for Summary Judgment and for Declaratory and Permanent Injunctive Relief*, ECF No. 19-1, p. 7, 45. The Court's Order and Opinion tracked Plaintiff's as applied claims. *See, e.g.*, ECF No. 138, at 5, 38. These findings reinforce that the Court's Order grants relief only as necessary

to resolve the Plaintiff's particular claims and does not impact the actions of the EEOC or Department of Justice regarding law firms not a party to this action.

Defendants respectfully submit that the broad language in Section (1) of this Court's Order may be read to exceed the scope of relief Plaintiff sought and that Section (8) of the Court's Order addresses. In an abundance of caution, Defendants move this Court to clarify that the Order's directives apply solely to the E.O. as enforced against the Plaintiff, and do not extend to agency action involving other entities.

*Conclusion*

Defendants respectfully submit that clarification of the Court's Order of May 23, 2025 (ECF No. 139), is needed to remove any ambiguity that the Order's injunctive relief does not impact Section 1 of Executive Order 14246 and that, as to Section 4 of the Executive Order, it does not impact actions undertaken by the EEOC and Department of Justice regarding entities other than the Plaintiff. Accordingly, for the avoidance of any doubt, the Defendants respectfully move this Court to clarify its Order as follows:

> The Court's Order does not impact Section 1 of Executive Order 14246. Defendants are directed to provide a copy of this Court's Order to all parties listed in the Appendix to the Court's Order (ECF No. 139-1), direct them to comply with Sections 1-8 of the Order (ECF No. 139), and advise that a failure to do so may result in contempt of court.

> The injunctive relief as to Section 4 of Executive Order 14246 in the Court's Order of May 2, 2025 (ECF No. 139) runs only in favor of the Plaintiff, Jenner & Block LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents).

Rather than entry of an amended order, Defendants believe a minute order with these clarifications would be sufficient.[1]

Dated: May 29, 2025                              Respectfully submitted,
      Washington, D.C.

                                                         CHAD MIZELLE
                                                         Acting Associate Attorney General

                                                         */s/ Richard Lawson*
                                                         RICHARD LAWSON
                                                          Deputy Associate Attorney General
                                                         950 Pennsylvania Avenue, NW
                                                         Washington, DC 20530
                                                         Telephone: (202) 445-8042

                                                         *Counsel for Defendants*

---

[1] A similar motion to clarify was submitted as to Section 4 of the Perkins Coie executive order in *Perkins Coie LLP v. Department of Justice, et al.*, 25-cv-716 (BAH), District Court of the District of Columbia, and language similar to that proposed here as to Section 4 in this motion was adopted through a minute order by Judge Howell on May 20, 2025.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)**

Pursuant to D.D.C. Local Civil Rule 7(m), I hereby certify that I discussed the foregoing

Motion with counsel for Plaintiff.  Counsel for Plaintiff has advised that it opposes the relief

sought as to Section 1 of Executive Order 14246 and that it takes no position as to the relief

sought as to Section 4 of Executive Order 14246.

/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*