UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNER & BLOCK LLP,<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>    *Defendants*. | Case No. 1:25-cv-00916-JDB |

**PLAINTIFF JENNER & BLOCK LLP'S RESPONSE TO
DEFENDANTS' MOTION TO CLARIFY THE COURT'S ORDER**

Plaintiff Jenner & Block LLP ("Jenner") hereby responds to Defendants' Motion to Clarify and Status Report (the "Motion") (ECF No. 141), which seeks two clarifications to this Court's Order (ECF No. 139) enjoining Executive Order 14246, "Addressing Risks from Jenner & Block" (the "Executive Order").

Jenner does not oppose Defendants' proposed clarification regarding Section (8) of the Order. The clarification provides: "The injunctive relief as to Section 4 of Executive Order 14246 in the Court's Order of May 2, 2025 (ECF No. 139) runs only in favor of the Plaintiff, Jenner & Block LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents)." Motion at 4. This clarification is identical to the clarification Judge Howell recently issued at the government's request, *see* Minute Order, *Perkins Coie LLP v. U.S. Dep't of Justice*, No. 25-00716 (D.D.C. May 20, 2025).

Jenner does oppose Defendants' proposed change regarding Section (9)(a) of the Court's Order. Section (9)(a) of the Order provides that entities subject to the Executive Order must "rescind any implementation or enforcement of Executive Order 14246, including any use,

consideration, or reliance on the statements in Section 1 of Executive Order 14246." Order § (9)(a).  Rather than seeking clarification of this language, Defendants ask the Court to modify the Court's Order so as not to rescind Section 1.  *See* Motion at 2.

The Court should decline to do so.  Both the Court's Memorandum Opinion (ECF No. 138) and the Court's Order make clear that the Executive Order's "operation" is enjoined in full.  *See, e.g.*, Opinion at 2 ("[T]he Court will enjoin [the Executive Order's] operation in full."); *id.* at 52 ("Executive Order 14246 violates settled First Amendment law and its operation must be enjoined in full.").  And Defendants present no good cause to reconsider those decisions.

Instead, Defendants rely on Section IV(ii) of the Opinion, which declined to enjoin all future uses of Section 1 "in the abstract." Opinion at 50.  The reason the Court declined to enjoin such future actions is that they were merely "hypothetical," and "*agencies have not been instructed to take them*" by the President or otherwise.  *Id.* at 51 (emphasis added).  But Section (9)(a) plainly does not enjoin future actions taken pursuant to Section 1.  Rather, it addresses the obligation of entities subject to the Executive Order to "rescind" *past* "use, consideration, or reliance on the statements in Section 1." Order § (9)(a).

Indeed, the Court squarely recognized that "[i]n the executive order as issued, the screed [in Section 1] played an essential role: it supplied both a rationale for Sections 2 through 5 and answered any questions those operative sections purported to leave open . . . ." Opinion at 49.  It is only "once this opinion and the accompanying order issue" that Section 1 will be "shorn of its enforcement mechanisms" and becomes nothing more than presidential speech.  *Id.*  Given the clear interplay between Section 1 and the other Sections in the Order's actual operation, the Court correctly directed that all entities subject to the Executive Order must "rescind any implementation

or enforcement of Executive Order 14246" that has already taken place, including "any use, consideration, or reliance on the statements in Section 1." Order § (9)(a).

For the foregoing reasons, the Court should deny Defendants' Motion as it pertains to Section (9)(a) of the Order and Section 1 of the Executive Order.

Dated: May 30, 2025                                    Respectfully submitted,

/s/ Michael A. Attanasio
Michael A. Attanasio
(mattanasio@cooley.com)
Cooley LLP
10265 Science Center Drive
San Diego, CA 92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

David E. Mills (DC Bar #401979)
(dmills@cooley.com)
Cooley LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, D.C. 20004
Telephone:   (202) 842-5000
Facsimile:   (202) 842-7400

Kristine Forderer (*pro hac vice*)
(kforderer@cooley.com)
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

John Bostic (*pro hac vice*)
(jbostic@cooley.com)
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

*Attorneys for Plaintiff Jenner & Block LLP*