UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JENNER & BLOCK LLP,**<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-916 (JDB) |

## ORDER

Just over one week ago, this Court determined that Executive Order 14246 was an act of retaliation against Jenner & Block, that it violated the First Amendment, and that "its operation must be enjoined in full." See Jenner & Block LLP v. U.S. Dep't of Just., Civ. A. No. 25-916 (JDB), 2025 WL 1482021, at *25 (D.D.C. May 23, 2025). The Court stopped just short, however, of giving Jenner everything it asked for. The Court noted that Jenner's proposed order would have had the Court permanently enjoin federal officials not only from taking the actions the executive order directed but also "from using or considering in any way or for any purpose the statements laid out in Section 1" of the executive order. Id. The Court viewed such a sweeping injunction against future actions inspired by the President's statements as inappropriate because any such actions are, at this point, "purely conjectural or hypothetical": "agencies have not been instructed to take them." Id. (internal quotation marks omitted). So the resulting Order permanently enjoined federal officials "from implementing or enforcing Sections 2–5"—the executive order's operative sections. Order [ECF No. 139] § 1. It did not specifically enjoin Section 1.

But that modest limitation on the scope of the injunction did not mean that Section 1 was altogether beyond the Court's power to touch. To the contrary, the Court recognized that Section

1

1 "played an essential role" in the executive order as issued, as it "both supplied a rationale for Sections 2 through 5 and answered any questions those operative sections purported to leave open." Jenner, 2025 WL 1482021, at *24. And any reliance on Section 1 in implementing the executive order, the Court concluded, would thus contravene the First Amendment just as surely as actions taken under the operative sections would. Accordingly, the Court's Order referenced Section 1 several times, each time making clear that any actions already taken pursuant to Section 1 must be undone. Any such actions, after all, were neither conjectural nor hypothetical; they had already occurred or been directed.

For instance, the Court ordered security clearance reviews and suspensions "made pursuant to Sections 1 or 2(a)" stopped and reversed. Order § 5.[1] And—in the now-controversial portion of the Order—it ordered certain defendants to direct entities subject to the executive order to "rescind any implementation or enforcement of Executive Order 14246, including any use, consideration, or reliance on the statements in Section 1." Id. § 9(a).

The defendants now move for clarification of this last-mentioned portion of the Order. See Defs.' Mot. to Clarify [ECF No. 141]. They view it as inconsistent with the Court's decision not to permanently enjoin all consideration of Section 1, and ask the Court to clarify that the forthcoming direction need only instruct federal entities to "rescind any implementation or enforcement of Sections 2–5"—but not Section 1. Id. at 2.

The Court declines to do so. The relevant portion of the Court's Order requires the rescission of past uses of Section 1; that is what "rescind" means, after all. This instruction does not suffer from the lack-of-imminence problem that caused the Court to refrain from enjoining future "consider[ation]" of the statements in Section 1 "for any purpose." Jenner, 2025 WL

---

[1] The defendants do not challenge or seek clarification as to this portion of the Order, and the Court trusts that they understand their obligations under it.

2

1482021, at *25 (internal quotation marks omitted).  So the Court meant what it said: the direction contemplated in Section 9 of the Order must instruct entities subject to the executive order to "rescind any implementation or enforcement of Executive Order 14246, including any use, consideration, or reliance on the statements in Section 1."  Order § 9(a).

The defendants also seek one other type of clarification, this one uncontroversial.  They fear that the Court's Order could be taken to enjoin Equal Employment Opportunity Commission investigations of other "industry leading law firms," and ask for clarification that the Order's relief runs to Jenner alone.  See Mot. at 3–4.  Jenner does not object to this clarification, see Jenner's Resp. to Mot. [ECF No. 142] at 1, and the Court hereby issues it.  The Court intended to enjoin Section 4 of the executive order only insofar as it targeted Jenner; to the extent the initial Order was unclear on that point, the Court now clarifies that "the injunctive relief as to Section 4 of Executive Order 14246 in the Court's Order of May 23, 2025 [ECF No. 139] runs only in favor of the Plaintiff, Jenner & Block LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents)."  Mot. at 4.

For the above reasons, the defendants' motion to clarify [ECF No. 141] is **DENIED** insofar as it seeks clarification or amendment of the Order's impact on Section 1 of Executive Order 14246 and **GRANTED** insofar as it seeks clarification of the Order's impact on Section 4 of Executive Order 14246.  **SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: June 2, 2025